Ridge Hill Prop. Owner LLC v RHCC Inc. (2024 NY Slip Op 50999(U))

[*1]

Ridge Hill Prop. Owner LLC v RHCC Inc.

2024 NY Slip Op 50999(U)

Decided on August 1, 2024

City Court Of Yonkers

Medina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 1, 2024
City Court of Yonkers

Ridge Hill Property Owner LLC as successor to Yonkers Associates LLC, Petitioner,

against
RHCC Inc. d/b/a Ridge Hill Comedy Club, Respondent.

Index No. LT-1209-19

Gabriel Mendelberg, Esq.
Kreisberg & Maitland, LLP
75 Maiden Lane, Suite 603
New York, NY 10038
Jacqueline N. Boone, Esq.
Boone Law PLLC
630 McLean Avenue
Suite 1FLF
Yonkers, NY 10705

Ada D. Medina, J.

The following papers numbered 1-7 were read and considered on respondent's post-eviction Order to Show Cause ("OTSC") to restore respondent to possession and vacate the judgment and warrant of eviction.
Papers Numbered
Orders to Show Cause & Affidavits Annexed 1, 6, 7
Affirmation/Affidavits in Opposition and Cross Motion 2
Filed Papers 3-5
[*2]Procedural History
On March 1, 2019, petitioner filed a Notice of Petition and Petition against respondent seeking $287,437.75 regarding a commercial non-payment matter. At the time of commencement, petitioner was "Yonkers Associates LLC." Shortly thereafter, the parties entered into a So Ordered Stipulation of Settlement ("Stip. 1") consenting to judgment in the amount of $88,500.07 and a warrant of eviction (Inlaw, J. May 9, 2019; Petitioner's Exhibit A). The execution of the judgment and warrant were stayed pending respondent's timely performance of its payment obligations (Stip. 1, pg. 3, paras. 4-5). Thereafter, the matter was stayed due to COVID-19. 
In 2022, "Yonkers Associates LLC" was sold to "Ridge Hill Property Owner LLC" and the parties entered into a Second Amended Lease Agreement ("Lease 2") (Petitioner's Opposition ["Opp."], Affirmation ["Aff."], para. 8; Exhibit B). Lease 2 contained additional settlement terms between the parties (id.). The matter was then restored to the Court calendar. Based on respondent's breach of Stip. 1 and Lease 2, on October 3, 2023, this Court issued an amended judgment in the amount of $80,450.07 and a warrant of eviction (Inlaw, J.). 
Prior to the stay date of October 8, 2023, respondent filed the first Order to Show Cause ("OTSC 1"). This resulted in the parties entering into an interim Stipulation of Settlement ("Stip. 2") on December 22, 2023 (Petitioner's Exhibit C). It is important to note, as per Stip. 2, respondent consented to amendment of the caption, judgment, and warrant to reflect the new owner as "Ridge Hill Property Owner LLC as successor to Yonkers Associates LLC" (Petitioner's Exhibit C). 
On March 29, 2024, this Court denied OTSC 1 (Inlaw, J.). Prior to the next stay date, respondent filed another OTSC ("OTSC 2"). This Court denied OTSC 2 with a final stay date of July 1, 2024 (Beltran, J.). On July 2, 2024, petitioner evicted respondent from the premises. Now before this Court is respondent's third OTSC ("OTSC 3") filed on July 5, 2024. Petitioner submitted opposition and a cross-motion on July 16, 2024. 
Post-Eviction Order to Show Cause ("OTSC 3")
Pursuant to the instant post-eviction OTSC 3, respondent seeks to be restored to possession of the subject premises claiming petitioner refused to accept payment of the full judgment amount on the stay date of July 1, 2024. Respondent asserts petitioner illegally locked the premises on July 2, 2024 (OTSC 3, Aff. of Jeffrey Pichardo, paras. 18-22). In opposition, petitioner concedes respondent attempted to tender a certified check on July [*3]1, 2024, however, the amount was $49.95 short of the judgment amount and made payable to the prior landlord (Opp., Affirmation, para. 17).
Petitioner relies on RPAPL § 749(3) which authorizes this Court to " . . . stay or vacate such warrant for good cause shown prior to the execution thereof, or to restore the tenant to possession subsequent to execution of the warrant." Petitioner asserts respondent is not entitled to restoration since no "tender or deposit with the court of the full rent due" has been made (id.). 
Here, respondent concedes the certified check he attempted to tender was $49.95 short of the judgment amount (OTSC 3, Aff. of Jeffrey Pichardo, para. 23). However, respondent asserts this "small mistake" should not have permitted petitioner to lock respondent out of the premises (id.). However, RPAPL § 749(3) and the caselaw relied upon by petitioner, is clear respondent must tender the proper amount of rent due in order to obtain vacatur of the judgment and warrant (Tobias Corp. v. Jones, 236 AD2d 602 [2nd Dep't 1997]). Here, respondent has not done so. This Court acknowledges it may have considered respondent's $49.95 shortfall as de minimis if this was the only issue before this Court. 
This Court has not disregarded petitioner's argument that RPAPL § 749(3) requires respondent to tender the full amount of rent due, not just the judgment amount. However, as respondent has failed to tender even the full judgment amount, a determination of whether respondent was required to tender all rent due and owing above the judgment amount is deemed moot. Despite this determination, petitioner is entitled to seek further remedies as evidenced by petitioner's filing of a separate action in Westchester County Supreme Court for the remainder of any monies owed (Respondent's Exhibit B; Ridge Hill Property Owner LLC v. RHCC, Inc. and Jeffrey Pichardo, Index No. 64246/2024).
Petitioner raises a second argument in its opposition which is consequential to this Court's determination of OTSC 3. The certified check respondent attempted to tender on July 1, 2024 was made payable to the prior landlord, "Yonkers Associates LLC," rather than the current landlord "Ridge Hill Property Owner LLC" (Respondent's Exhibit A; Petitioner's Exhibit G). Respondent's OTSC 3 is silent as to the reason the certified check was made payable to the prior landlord. Upon respondent being informed of this error, respondent has yet to cure this deficiency by re-issuing the certified check payable to the correct entity and/or posting the rental arrears in escrow with Court. 
Furthermore, although this Court granted respondent's adjournment request to provide additional time to submit a reply, respondent has yet to file a reply and/or opposition to petitioner's cross-motion as of the date of this Decision and Order (Correspondence from Jacqueline Boone, Esq. dated July 19, 2024). 
This Court finds respondent was aware of the change in landlord, at the earliest, when he executed Lease 2 as of August 18, 2022 (Petitioner's Exhibit B). Petitioner's knowledge is further supported by Stip. 2, dated December 22, 2023, where respondent consented to amend petitioner's name in the current proceeding (Inlaw, J. Decision and Order dated March 7, 2024). Lastly, petitioner also indicates respondent's knowledge of the current petitioner's name by submitting copies of checks respondent made payable to the correct entity in 2022, 2023, and 2024 (Opp., Affirmation, para. 21; Exhibit L).
Based on the foregoing, this Court finds respondent did not make "timely tender" of his rental arrears prior to execution of the warrant (Kew Gardens Realty Co. v. Bank, 28 Misc 3d 133[A] [App. Term 2nd, 11th and 13th Jud. Dists. 2010]). There is also no basis to restore respondent to possession as respondent has not tendered the judgment amount, let alone, the full rent due (RPAPL § 749[3]).
Therefore, this Court holds petitioner LAWFULLY evicted respondent on July 2, 2024. As such, respondent's post-eviction OTSC 3 is hereby DENIED. Judgment and warrant stand. Respondent is not restored to possession. Petitioner's cross-motion is rendered MOOT as respondent has not been restored to possession.
Contempt/Sanctions
This Court finds it imperative to address respondent's application for sanctions against petitioner and petitioner's attorney, as well as, petitioner's opposition to same. The papers before this Court are replete with allegations of: discrimination; harassment; harsh and hostile behavior; disparaging remarks; bad faith; rude and unprofessional actions; demeaning insults; and dishonest behavior. 
Furthermore, this Court notes the conduct of both counsel while engaged in off the record conferences with this Court, as well as, on the record proceedings have been extremely unprofessional and discourteous. This matter has resulted in protracted litigation utilizing the resources of counsel for both parties and the judicial system. Petitioner has provided [*4]respondent with ample opportunity to cure and/or settle the matter over the past five (5) years. However, respondent has continued to breach settlement terms. The contentiousness of both counsel has resulted in, what this Court believes, is a toxic breakdown of the landlord-tenant relationship. Despite numerous attempts at resolutions the parties are now at an impasse and a final resolution by this Court was warranted. 
At this time, the Court declines to impose sanctions. However, based on both counsel's conduct with Court personnel during off the record conferences, as well as, on the record proceedings before Judges of this Court, it cannot be overlooked that both counsel have showed extreme unprofessionalism which this Court will not tolerate. Counsel is hereby reminded of their professional conduct obligations (22 NYCRR 1200 Rule 3.3[f]).
Separate and apart from the merits of the instant matter, this Court cautions both counsel and hereby advises that any further litigation where counsel engages in outrageous conduct as resulted in this matter, will result in this Court considering contempt proceedings pursuant to Judiciary Law § 753.